IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RANDY THURMAN BELYEU, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF ALABAMA )<br>DEPARTMEN T OF YOUTH )<br>SERVICES; WALTER J.  WOODS; )<br>G. W. BOOKER, )<br>)<br>Defendants. ) | CASE NO. 2:04-cv-329-WKW<br>(WO) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Randy Thurman Belyeu, Jr. ("Plaintiff") brings this action against the State of Alabama Department of Youth Services ("DYS"), a state agency, and DYS employees Walter J. Woods ("Woods") and G. W. Booker ("Booker") for deprivation of constitutional rights pursuant to 42 U.S.C. §§ 1981, 1983 and 1985.  Defendants filed a motion to dismiss all four counts of the complaint. (Doc. #6.)  The court subsequently ordered that the motion to dismiss be treated as a motion for summary judgment because Defendants relied upon documents outside the record.  (Doc. #10.)  However, because the court finds that no viable cause of action is stated in the complaint, it has not considered the evidence presented by Defendants, and will address the motion as a motion to dismiss.  The court has carefully reviewed and considered the submissions of the parties and finds that the motion is due  to be granted.

### I.  FACTS AND PROCEDURAL HISTORY

Plaintiff is a white male who had been employed by DYS as a Youth Service Aide for approximately nine years at the time of filing the complaint.  Plaintiff alleges that a black female was

promoted to Childcare Worker instead of Plaintiff, despite Plaintiff's years of experience on the job and his superior educational credentials. Plaintiff has a Bachelor of Science in criminal justice, a qualification not held by the person promoted to the job. The Childcare Worker position is a position directly above the one held by Plaintiff. Plaintiff claims this was not the first time he was overlooked for promotion, and that unwarranted preferential treatment was afforded to black applicants who were either supervised directly by Plaintiff, or who lacked similar educational qualifications and work experience. Plaintiff claims to have interviewed for the position of Childcare Worker and Counselor I on numerous occasions, only to be denied the positions which were ultimately given to black applicants. Plaintiff claims that DYS has acted thusly on a continual and systematic basis, conspiring with individual Defendants and others in DYS to impede the Plaintiff's liberties for the sole purpose of discriminating against him.

Defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

## II.  JURISDICTION AND VENUE

The parties have not disputed that this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(4). There is no dispute over personal jurisdiction or venue.

## III.  STANDARD OF REVIEW

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not . . . [dismiss] unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him

or her to relief." (citation omitted)).  In evaluating a motion to dismiss, the court will accept as true all well-pleaded factual allegations and reasonable inferences drawn from those facts, and will view them in a light most favorable to the nonmoving party.  *Hishon*, 467 U.S. at 73; *see also Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992).  The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim.  *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

### IV.  DISCUSSION

Counts One, Two and Three of the complaint purport to state causes of action against DYS for violation of the Plaintiff's constitutional rights under §§ 1981, 1983 and 1985.  Plaintiff concedes that the State of Alabama is immune from suit under 42 U.S.C. §§ 1981, 1983 and 1985.  (Pl. Br. 7.)  Because DYS is an agency of the State of Alabama, Counts One, Two and Three are due to be dismissed with prejudice.  *Quern v. Jordan*, 440 U.S. 332, 342 (1979); *Fincher v. State of Fla. Dep't of Labor and Employment Sec. – Unemployment Appeals Comm'n*, 798 F.2d 1371, 1372 (11th Cir. 1986).

Count Four purports to state a cause of action against Woods, Booker and DYS for conspiring to deprive Plaintiff of his constitutional rights on the basis of his race in violation of §1985.[1]  Employees of a public entity, when acting in the scope of their employment, cannot conspire among themselves, nor can a public entity conspire with its employees, under § 1985(3).  *Dickerson v. Alachua County Comm'n*, 200 F.3d 761 (11th Cir. 2000).  The rationale is that a public

---

[1] Plaintiff fails to specify in the complaint whether his claim arises under § 1985(1), (2) or (3), nor does he address the distinction in his response to the motion and brief of Defendants.  Subsection (1) prohibits interference with public officers in the performance of official duties.  Subsection (2) prohibits a conspiracy to obstruct justice with the intent to deny equal protection of the laws.  Subsection (3) requires that there be some racial or other discriminatory animus behind the conspirator's actions.  Apparently, Plaintiff intends to proceed under Subsection (3).

institution and its executives "are considered as constituting a single legal entity which cannot conspire with itself." *Id.* (citation omitted).  In Count Four, Plaintiff alleges that "Walter J. Woods . . . conspired together with G. W. Booker and the Department of Youth Services in order to deny Mr. Belyeu . . . his Fourteenth Amendment rights in violation of 14 U.S.C.A. & [sic] 1985," an allegation the court finds squarely within the purview of *Dickerson*.  Accordingly, Plaintiff has failed to state a cause of action under § 1985, and Count Four must fail.

## V.  CONCLUSION

For the reasons stated above, the complaint fails to state a valid cause of action.  The motion to dismiss, is therefore GRANTED with prejudice as to the claims pled.

Plaintiff is granted until December 29, 2006 to file an amended complaint stating a valid cause of action.  Failure to file will result in a final judgment dismissing the action.

Done this 13th day of December, 2006.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE